MEMORANDUM *
Les Hegel appeals the denial of his application for Supplemental Security Income benefits. The case centers on the *581 administrative law judge’s (“ALJ”) determination that Hegel does not have a severe mental limitation that limits his ability to work. The parties are familiar with the facts, which we repeat here only to the extent necessary.
“Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician’s opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.” To-napetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001) (citing Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir.1989)); see also Lester v. Chater, 81 F.3d 821, 831 n. 8 (9th Cir.1995) (noting reasons justifying rejection of an examining physician’s opinion need not support rejection of treating physician’s opinion). “The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.” Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995) (internal citations omitted).
Here, examining psychologist Dr. John Arnold suggested that Hegel was somewhat limited in his ability to work, despite finding that Hegel exaggerated reports of psychopathology. Dr. Joyce Everhart diagnosed Hegel with malingering, noted that Hegel “appears to be functioning within normal limits,” and observed that Hegel did not appear to be giving his best effort on mental tests, yet concluded, in a check-the-box statement, that Hegel had moderate limitations. Non-examining expert Dr. J.M. Toews testified that none of Hegel’s conditions created limitations as severe as those put forth by Drs. Arnold and Everhart.
Substantial evidence supports the ALJ’s exclusion of the examining physicians’ opinions. In addition to contrary findings by the non-examining medical expert, the ALJ’s decision was based on inconsistencies in the medical opinions, reports of malingering and invalid test results, and the ALJ’s finding that Hegel was not credible. Moreover, the examining physicians’ “checked box” limitations were not supported by objective findings. See Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir.2004) (“[A]n ALJ may discredit treating physicians’ opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings ... ”) (internal citations omitted). These reasons constitute specific, legitimate reasons to support the ALJ’s findings.[1]
Hegel also argues that the ALJ erred by finding that Hegel’s personality disorder does not constitute a severe impairment because personality disorders constitute a severe impairment by definition. This argument has no merit. “The evaluation of whether an impairment(s) is ‘severe’ ... requires an assessment of the functionally limiting effects of an impairments) on an individual’s ability to do basic work activities.” SSR 96-3p.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Hegel also argues that the ALJ improperly rejected the opinion of a treating physician, Dr. Ashley. Hegel’s memorandum of authorities filed in the district court, however, only presents arguments regarding Drs. Arnold and Everhart. His argument regarding Dr. Ashley is raised for the first time on appeal, and we do not address it here. See Bolker v. Comm’r of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985) (“As a general rule, we will not consider an issue raised for the first time on appeal”).